UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE W. SHUFELT,

Plaintiff,

v.

RAFAEL MIRANDA, et al.,

Defendants.

No. 2:17-cv-1014 WBS CKD (PC)

ORDER

Plaintiff is a California prisoner proceeding pro with an action filed pursuant to 28 U.S.C. § 1983. On April 19, 2018, the court screened plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court found that the amended complaint states claims upon which plaintiff may proceed under the Eighth Amendment against defendants Griffith, Miranda and Abdur-Rahman for denial or delay of medical treatment. The court recommended that all other claims be dismissed.

On June 6, 2018, plaintiff filed objections to the findings and recommendations. First, plaintiff objected to the dismissal of claims against "doe" defendants. However, plaintiff cannot proceed on a claim where there is no identifiable defendant.

Plaintiff also objected to dismissal of his claims arising under state law. In the findings and recommendations, plaintiff was informed:

/////

1

> With respect to claims asserted under California law, plaintiff has not adequately pled compliance with the terms of the California Tort Claims Act. See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995). Complaints must present facts demonstrating compliance, rather than simply conclusions suggesting as much. Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 209 (2007).

Plaintiff asserts that he attached as exhibits to his amended complaint certain documents which show he complied with the Tort Claims Act. The court has reviewed the documents identified, and it does appear plaintiff may have complied, but it is not sufficient to attach exhibits suggesting compliance rather than specifically pleading compliance.

In light of the foregoing, and pursuant to plaintiff's request, the court will grant plaintiff leave to submit an amended complaint, so that he may attempt to plead compliance with the Tort Claims Act.

Plaintiff is reminded that that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on April 19, 2018 are vacated;

2. Plaintiff's amended complaint is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended

/////

/////

Complaint;' failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 23, 2018

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
shuf1014.vac